## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------- x

LY BERDITCHEV CORP.,

               Plaintiff,

    v.

TRUSS COSMETICS CORP. and LOMA
LICENCIAMENTO DE MARCAS LTDA,

               Defendants.

------------------------------------------------------------- x

Civil Action No.  21-3420_____

**COMPLAINT AND JURY TRIAL
DEMAND**

*Electronically Filed*

Plaintiff LY Berditchev Corporation ("Plaintiff"), by and through its counsel, for their Complaint against TRUSS Cosmetics Corp. ("Truss USA") and Loma Licenciamento De Marcas ltda ("Truss Brazil") (collectively, "Defendants"), alleges as follows:

### PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of New York, with a place of business at 95 High Street, Passaic, New Jersey 07055.

2.      On information and belief, Defendant Truss USA is a corporation organized and existing under the laws of the State of Florida, with a principal place of business at 6451 East Rogers Circle. Suite #1, Boca Raton, FL 33487.

3.      On information and belief, Defendant Truss Brazil is a business entity organized and existing under the laws of Brazil, with a principal place of business at 4th Floor, Suite 42 Rua Augusta, 1939 São Paulo BRAZIL.

4.      On information and belief, Defendant Truss USA is a subsidiary of Truss Brazil.

## JURISDICTION AND VENUE

5.     The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the Trademark Act of 1946, as Tamended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

6.     Defendants Truss USA and Truss Brazil are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

7.     On information and belief, Defendant do business in the State of New Jersey and maintains product distribution facilities in the State of New Jersey.

8.     On information and belief, Defendants sell large quantities of various products, including hair care products, to customers in New Jersey, engage distributors based in New Jersey, maintain an interactive website accessed by residents of New Jersey, and otherwise avail themselves of the privilege of doing business in the State of New Jersey.

9.     Each of the Defendants have purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

10.     Specifically, at all relevant times, Defendants were aware the Plaintiff resided in New Jersey and that their illegal acts would cause harm to Plaintiff in New Jersey.  Specifically, Plaintiff's Amazon storefront identifies Plaintiff's place of business in New Jersey.

11.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

**BACKGROUND FACTS**

12.     Defendant Truss Brazil is in the business of manufacturing and distributing hair care products, including products sold under the Truss marks ("Truss Products").

13.     Defendant Truss Brazil is the owner of U.S. Trademark Registration No. 4738823 for TRUSS (stylized) ("the Truss Registration").

14.     On information and belief, Defendant Truss USA is a distributor of Truss Products in the United States.

15.     Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

16.     Plaintiff resells products through an Amazon storefront.

17.     Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

18.     Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

**ONLINE MARKETPLACES**

19.     Upon information and belief, Amazon is the world's largest online retailer.

20.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

21.     Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

22.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

23.     Since approximately 2016, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

24.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

25.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

26.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

27.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

28.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

29.     Plaintiff's Amazon storefront has amassed over fourteen-thousand reviews and a holds a near perfect customer rating.

30.     A small sample of Plaintiff's recent reviews are shown below:



31.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

### DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

32.     On information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Truss Products, through unlawful means.

33.     As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Truss Products on online marketplaces by false allegations of intellectual property infringement and defamation.

34.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Truss Products on Amazon.

35.     On information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

36.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

37.     Under the first sale doctrine, Plaintiff is lawfully permitted to re-sell Truss Products without violating the intellectual property rights or other legal rights of Defendants.

38.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

39.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

40.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis added).

41.     On information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

42.     On information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth of the report.

43.     Defendants filed complaints with Amazon that alleged that Plaintiff was selling Truss Products that infringed the Truss Registrations.

44.     Defendants knew, or should have known, that such allegations were false.

45.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

46.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

47.     Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

48.     On or about February 18, 2021, Plaintiff received a notice from Amazon stating as follows:

Hello,

We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark. The rights owner communication about the alleged infringement and the listings we removed are at the bottom of this message.

Why did this happen?
We received a report from a rights owner alleging that one or more of your listings may be infringing the intellectual property rights of others. Listing content infringing on the intellectual property of others is against our policies.

We're here to help.
If you need help understanding how you may have infringed the above trademark, please see the Amazon Intellectual Property policy (https://sellercentral.amazon.com/gp/help/external/201361070), or search for "Intellectual Property Policy" in Seller Central Help.

How do I reactivate my listing?
Please provide one of the following to reactivate your listing:
-- An invoice, a valid Order ID, or letter of authorization from the manufacturer or Rights Owner demonstrating that your use of the trademark is lawful. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff.

How do I submit this information?
Go to Received Intellectual Property Complaints under the Product Policy Compliance section in account health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) and locate the deactivation record for this product listing. Click on the Appeal button next to the listing deactivation record to submit information necessary to reactivate your listing.

Have your listings been removed in error?
If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions.

These are the rights owner's contact details:
-- Eric Klein
-- enk@kleinattorneys.com

For any other reason, please explain to us why you were warned in error so that we can investigate the case.

ASIN: B07D9T9JGR

Infringement type: Trademark (Product Detail Page, Product Packaging, Word Mark, Logo & Design)
Trademark number: 4738823
Complaint ID: 8008215681

49.     The above report relates to a Truss Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

50.     The Truss Product identified in the above report was genuine.

51.     The Truss Product identified in the above report was distributed by Defendants.

52.     On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Truss Product sold by Plaintiff did not infringe the above cited Truss Registration.

53.     On information and belief, Defendants' allegation that the above Truss Product infringed Defendants' trademark rights was knowingly false and made in bad faith.

54.     In total, Defendants submitted at least eight reports to Amazon relating the Truss Products sold by Plaintiff:

| Complaint ID | ASIN |
| --- | --- |
| 8008215681 | B07D9T9JGR |
| 8008208761 | B01M7XSYF5 |
| 8008216681 | B01MFFYQW3 |
| 8008192031 | B01M4RGH3K |
| 8008207061 | B01MG7RBPG |
| 8008199961 | B01M7XSSH0 |
| 8008231191 | B07C3823PJ |
| 8008205681 | B01MDUJKX5 |

55.     The Truss Product identified in the above reports were genuine.

56.     The Truss Product identified in the above reports were distributed by Defendants.

57.     On information and belief, prior to filing the above report, Defendants knew, or should have known, that the Truss Product sold by Plaintiff did not infringe the above cited Truss Registration.

58.     On information and belief, Defendants' allegation that the above Truss Products infringed Defendants' trademark rights was knowingly false and made in bad faith.

## DEFENDANTS REFUSE TO CEASE SUBMITTING FALSE REPORTS TO AMAZON

59.     The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere in Plaintiff's ability to resell Truss Products.

60.     On or about July 14, 2020, Defendants submitted a similar report to Amazon concerning Truss Products sold by Plaintiff.

61.     On or about July 21, 2020, counsel for Plaintiff contacted counsel for Defendants regarding the report and requested, either: (1) an explanation for the report; or (2) a retraction of the report.

62.     In subsequent correspondence and conversations, Counsel for Defendants offered no coherent explanation for their reports of trademark infringement and refused to retract their complaints, absent

## HARM TO PLAINTIFF

63.     As a result of the above false rights complaints, Plaintiff's listings relating to Truss Products were suspended, resulting in an immediate loss of revenue.

64.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

65.     On information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringe, result in selling suspensions.

66.     On information and belief, Defendants have used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

67.     At no time has Plaintiff ever sold Truss Products that infringed any of Defendants' intellectual property or other legal rights.

68.     The Truss Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

69.     Defendants knowingly made false intellectual property rights complaints against Plaintiff.

70.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing and eliminate fair competition.

71.     As result of Defendants' false complaints, Plaintiff's performance metrics were irreparably damaged.

72.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

73.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

74.     Defendants' false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
### (No Trademark Infringement)

75.     Plaintiff realleges and incorporates all previous paragraphs.

76.     Defendants manufacture and distribute Truss Products and place such products into the stream of commerce.

77.     Plaintiff stocks, displays, and resells new, genuine Truss Products, each bearing a true mark.

78.     Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold Truss Products that infringed, inter alia, the Truss Registrations.

79.     The Truss Products sold by Plaintiff were genuine and in their original packaging.

80.     Defendants' complaints have caused the suspension of Plaintiff's selling privileges as they relate to Truss Products.

81.     Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

82.     Under these facts, an actual controversy exists between Plaintiff and Defendants.

83.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

### COUNT II – FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

84.     Plaintiff realleges and incorporates all previous paragraphs.

85.     This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

86.     Plaintiff and Defendants compete for sales of hair care products.

87.     Plaintiff has a commercial interest in its commercial and business reputation.

88.     Plaintiff has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

89.     Defendants have knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated

with Plaintiff. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Plaintiff's products are not genuine, thereby materially effecting their decision and ability to purchase Plaintiff's products.

90.     Defendants' reports to Amazon were designed to advance their business interests by removing Plaintiff's listings from the Amazon marketplace thereby increasing Defendants' market share and profits.

91.     Defendants' false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the reports to Amazon so as to constitute commercial advertising.

92.     Defendants' false and misleading representation of Plaintiff's alleged infringement has misled, confused and deceived customers and prospective customers as to Plaintiff's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Plaintiff's customers and prospective customers.

93.     The false and misleading representations had a material effect on Plaintiff's customers' and prospective customers' decisions to do business with Plaintiff.

94.     Defendants have made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

95.     On information and belief, Defendants had actual knowledge that there was no support for the complaints that Defendants submitted to Amazon in connection with Plaintiff's product, and Defendants acted with the intent that Plaintiff's ability to sell Truss Products be removed thereby forcing consumers to purchase Truss Products directly from Defendants and/or select distributors at, inter alia, artificially inflated prices.

96.      Plaintiff's injuries fall within the zone of interest protected by the Lanham Act because Defendants' false advertising and disparaging misrepresentations have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

97.      Defendants' wrongful acts as alleged in this complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

98.      The damage to Plaintiff's economic and reputational injuries was directly caused by Defendants' false and misleading representations.

99.      As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

100.     As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

101.     Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

### COUNT III – UNFAIR COMPETITION
### PURSUANT TO THE NEW JERSEY COMMON LAW

102.     Plaintiff realleges and incorporates all previous paragraphs.

103.     This is a claim for unfair competition, arising under the common law of the State of New Jersey.

104.     By reason of all of the foregoing, Defendants, as market competitors of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff sold infringing Truss Products.

105.    Defendants' conduct caused consumer confusion because it had a material effect on Plaintiff's customers' and prospective customers' decisions and ability to purchase Plaintiff's products or do business with Plaintiff.

106.    As a result of Defendants' unfair competition, Plaintiff's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Plaintiff's products are non-genuine or otherwise infringe Defendants' trademark rights.

107.    As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

108.    As a direct and proximate result of Defendants' actions, constituting false or misleading representation of fact and unfair competition, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

109.    Defendants will continue their actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

110.    Plaintiff realleges and incorporates all previous paragraphs.

111.    Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

112.    Plaintiff is also in a contractual relationship with Amazon.

113.    At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

114.    At all relevant times, Defendants were aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

115.    Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by complaining, in writing, to Amazon, that Plaintiff was selling infringing products.

116.    Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

117.    Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Truss Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

118.    Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Truss Products on Amazon.

119.    Defendants' accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

120.    Defendants' actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listing of Truss Products to be suspended.

121.    Defendants' accusations were false and were made maliciously and with ill will.

122.    Plaintiff has been damaged by suspension of these listings by losing revenue related to Truss Products.

123.    Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

124.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT V – DEFAMATION

125.    Plaintiff realleges and incorporates all previous paragraphs.

126.    Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Truss Products infringed the Truss Registrations.

127.    Plaintiff did not infringe the Truss Registrations.

128.    Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Truss Products.

129.    Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

130.    Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

131.    Defendants' false statements are not protected by any privilege.

132.    Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

133.    False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

134.    Here, Defendants published statements that Plaintiff was engaged in trademark infringement.

135.    Defendants' false statements constitute defamation per se.

136.    Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Truss Products and damage to its relationship with Amazon and its customers.

137.   Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Truss Products have been suspended and Plaintiff has lost sales of Truss Products and many other products.

138.   Plaintiff is entitled to damages, costs, and fees as allowed by law.

139.   Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT VI – TRADE LIBEL

140.   Plaintiff realleges and incorporates all previous paragraphs.

141.   Defendants knowingly published false and derogatory statements regarding Plaintiff's business.

142.   Specifically, Defendants published false and materially derogatory statements that Plaintiff was selling infringing Truss Products.

143.   Defendants' statements that Plaintiff was selling infringing Truss Products were calculated to prevent others (including Amazon and Amazon's customers) from doing business with Plaintiff and interfered with Plaintiff's business relationships with these parties.

144.   As discussed above, on information and belief, Defendants knew that submitting false complaints to Amazon would cause Amazon to suspend Plaintiff's product listings.

145.   Plaintiff suffered special damages as a result of Defendants' statements in the form of lost dealings.

146.   As a result of Defendants' false rights owner complaint, Plaintiff's product listings were removed from Amazon resulting in a direct and immediate loss in revenue.

147.   Plaintiff is entitled to damages, costs, and fees as allowed by law.

148.   Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT VI – TRADEMARK CANCELLATION

149.    Plaintiff realleges and incorporates all previous paragraphs.

150.    A court may order the cancellation of a registered mark if the mark was procured fraudulently. 15 U.S.C. §§ 1119, 1064.

151.    The Truss Registration was procured unlawfully and through fraudulent misrepresentations to the United States Patent and Trademark Office ("USPTO").

152.    Specifically, Defendant Truss Brazil procured the Truss Registration through false statements made in its: (1) September 30, 2014 application, Ser No. 86410394 ("Application"); and (2) October 16, 2020 Declaration of Use in Commerce under Section 8 ("Section 8 Declaration").

153.    In its Application and Section 8 Declaration, Truss Brazil represented to the USPTO that it was using its TRUSS mark in connection with "Conditioners; Cosmetic creams; Cosmetics; Hair colorants; Lotions for cosmetic purposes; Oils for cosmetic purposes; Perfume; Shampoos[.]"

154.    Plaintiffs are informed and believe that Truss Brazil had not made genuine, continuous use of the TRUSS mark for each of the above goods at the time it filed the Application.

155.    Plaintiffs are informed and believe that Truss Brazil had not made genuine, continuous use of the TRUSS mark for each of the above goods at the time it filed the Application, which alleged actual use in commerce as the date of its filing.

156.    Plaintiffs are informed and believe that Truss Brazil had not made genuine, continuous use of the TRUSS mark for each of the above goods over the five years proceeding the filing of its Section 8 Declaration and, instead, falsely reported that such use had been continuous since the date of registration.

157.    On information and belief, Truss Brazil knew that its statements to the Trademark Office were false, but made them with the intention to deceive the Trademark Office so that it would, unaware of the non-use by Truss Brazil, issue and maintain the Truss Registration for each of the recited goods.

158.    The Trademark Office acted in reliance on these fraudulent statements when it issued the Truss Registration.

159.    The Trademark Office acted in reliance on these fraudulent statements when it accepted Truss Brazil's Section 8 Declaration on December 16, 2020.

160.    Because Truss Brazil procured the registration by fraud, the registration must be cancelled. Accordingly, the Court should order the Truss Registration to be cancelled and, pursuant to regulations, should address its certified order to the USPTO, Office of the Solicitor, Mail Stop 8, Director of the United States Patent and Trademark Office, P.O. Box 1450, Alexandria, Virginia 22313-1450.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Truss Registration;

B.    Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform.

C.    Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D.    An award of all damages that Plaintiff has suffered as a result of Defendants' false representations and unfair competition;

E.       An award of all damages that Plaintiff has suffered as a result of Defendants'

tortious interference;

F.       An award of all damages that Plaintiff has suffered as a result of Defendants'

defamation;

G.       An award of all damages that Plaintiff has suffered as a result of Defendants'

trade libel;

H.       An order cancelling the Truss Registration;

I.       An award of all costs and fees incurred in this Action; and

J.       Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited

to, those issues and claims set forth in any amended complaint or consolidated action.


Dated:  February 25, 2021                          Respectfully submitted,

                                                   TARTER KRINSKY & DROGIN  LLP

                                                   By:   s/ Mark Berkowitz
                                                         Mark Berkowitz
                                                         1350 Broadway
                                                         New York, NY  10018
                                                         Tel.:    (212) 216-8000
                                                         Fax:     (212) 216-8001
                                                         E-mail:  mberkowitz@tarterkrinsky.com

                                                         *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  February 25, 2021                        Respectfully submitted,

TARTER KRINSKY & DROGIN  LLP

By:   s/ Mark Berkowitz
      Mark Berkowitz
      1350 Broadway
      New York, NY  10018
      Tel.:     (212) 216-8000
      Fax:     (212) 216-8001
      E-mail:  mberkowitz@tarterkrinsky.com

*Attorneys for Plaintiff*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated:  February 25, 2021                    Respectfully submitted,

TARTER KRINSKY & DROGIN  LLP

By:   s/ Mark Berkowitz                    
Mark Berkowitz
1350 Broadway
New York, NY  10018
Tel.:    (212) 216-8000
Fax:     (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com

***Attorneys for Plaintiff***